UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61403-CV-COHN

Magistrate Judge Seltzer

MOSHE ASHKENAZI, M.D.,

    Plaintiff,

vs.

SOUTH BROWARD HOSPITAL DISTRICT,
d/b/a MEMORIAL HEALTHCARE SYSTEM,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE WITNESSES FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 26(a)(2)(C)**

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Witnesses for Failure to Comply with Federal Rule of Civil Procedure 26(a)(2)(c) [DE 70], Defendant's Response in Opposition [DE 78], and Plaintiff's Reply [filed under seal at DE 93]. The Court has carefully considered the motion, response and reply, and is otherwise fully advised in the premises. The motion became ripe on March 5, 2012.

**I. BACKGROUND**

Plaintiff Moshe Ashkenazi ("Plaintiff") filed this action for age discrimination and retaliation pursuant to the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA"). Plaintiff, a 71 year old thoracic and vascular surgeon, sued South Broward Hospital District, d/b/a Memorial Health System ("Defendant" or "Memorial") for terminating his emergency room employment and revoking his staff privileges. Defendant denies it was Plaintiff's employer, and denies that age discrimination or retaliation occurred.

## II.  DISCUSSION

Plaintiff filed the present motion to strike the opinion testimony of 23 of Defendant's witnesses for failure to disclose their opinions pursuant to Federal Rule of Civil Procedure 26(a)(2).  Plaintiff contends that Defendants' listed witnesses, 22 of whom are medical doctors, are expert witnesses because they will give opinion testimony based upon their scientific, technical or other specialized knowledge within the scope of Federal Rule of Evidence 702.  See Defendant's Disclosure of Opinion Witnesses or Alternatively, Disclosure of Expert Witnesses, Exhibit A to Plaintiff's Motion [DE 70-1].  Defendant argues that they have made sufficient disclosures because the witnesses are either fact witnesses requiring no disclosures, or they are non-retained experts requiring only a summary disclosure.[1]

The witnesses in question are "hybrid" witnesses, offering both fact and opinion testimony.  The witnesses are mostly employees of Defendant who happen to be doctors.  They were not retained or specially employed to provide expert testimony in this case.  Therefore, a written expert report required by Fed. R. Civ. P. 26(a)(2)(B) is not required.

The Federal Rules of Civil Procedure were amended to 2010 to create a rule specifically designed to require certain disclosures of these "hybrid" witnesses who provide both fact testimony and opinion testimony based upon their scientific, technical

---

[1] The parties also address issues regarding the extent of the testimony to be offered in this case, particularly as to whether Defendant must show that Plaintiff's medical care fell below the standard of care (i.e. a medical malpractice standard), or whether Defendant only must show that Defendant believed that Plaintiff was provided substandard care.  The Court need not decide this issue at this time.

or other specialized knowledge within the scope of the Federal Rules of Evidence.  The new subsection, Fed. R. Civ. P. 26(a)(2)(C), requires disclosure of: "a summary of the facts and opinions to which the witness is expected to testify."  The key question here is whether Defendant's disclosures were sufficient under this new rule.[2]

Upon review of these disclosures [DE 70-1], the Court concludes that the disclosures are sufficient.  This case is clearly distinguishable from the cases cited by Plaintiff.  For example, in Banta Properties, Inc. v. Arch Specialty Ins. Co., 2011 U.S. Dist. LEXIS 139963, Case No. 10-61485-Civ-WPD (S.D. Fla. Nov. 23, 2011), the court denied a motion to amend expert disclosures because Defendant did not disclose a hybrid witness as an expert and failed to provide an adequate explanation for the delay in eventually naming the witness as an expert.  In the present case, Defendant did provide timely expert disclosures.  In Provident Bank v. Mattson, 2011 U.S. Dist. LEXIS 48038, Case No. 10-1338-Civ-T-33TBM (M.D. Fla. April 26, 2011), the offering party did not provide any reports for disclosed but non-retained experts.  The court denied the motion to strike the witnesses but directed the party to file summaries pursuant to Fed. R. Civ. P. 26(a)(2)(C).  The disclosures provided in this case are sufficient under Rule 26(a)(2)(C).

---

[2]  Much of the parties' briefing concerns whether these witnesses are expert witnesses or not.  It is clear to this Court that although Defendant's fact witnesses happen to be doctors, part of their testimony is based upon specialized knowledge, experience, training and education, thus making them expert witnesses under Federal Rules of Evidence 701 and 702.

## III. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Strike Witnesses for Failure to Comply with Federal Rule of Civil Procedure 26(a)(2)(c) [DE 70] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of March, 2012.

JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record