UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61403-CIV-COHN/SELTZER

MOSHE ASHKENAZI, M.D.,

     Plaintiff,

vs.

SOUTH BROWARD HOSPITAL
DISTRICT, d/b/a Memorial
Healthcare System,

     Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Leave to Amend the

Scheduling Order and to File a Second Amended, Supplemental Complaint for

Declaratory and Injunctive Relief and Damages [DE 166].[1]  The Court has carefully

considered the motion, response, and reply, as well as the record in this case, and is

otherwise fully advised in the premises.

## I.    Background

Plaintiff Moshe Ashkenazi ("Plaintiff"), a 71-year-old thoracic and vascular

surgeon, brought this action against South Broward Hospital District, d/b/a Memorial

Health System ("Defendant") for terminating Plaintiff's emergency-room employment

and recommending that his surgical privileges be revoked.  In the current Amended

---

[1]  While the Court recognizes that Plaintiff's motion and Defendant's response
were filed under seal, see DE 49 (Confidentiality and Protective Order), the Court does
not believe that the general discussion herein warrants filing this Order under seal.
However, if either party believes that the Order includes confidential information, the
party may move to seal the Order.

Complaint, Plaintiff asserts claims for age discrimination and retaliation pursuant to the Age Discrimination in Employment Act ("ADEA") and the Florida Civil Rights Act ("FCRA").  See DE 23 at 11-16.  Defendant denies that it was Plaintiff's employer and that it engaged in age discrimination or retaliation.  See DE 31.

The Court previously set several pretrial deadlines in this case, including an October 21, 2011, deadline for amendment of pleadings, and a February 23, 2012, deadline for completing fact discovery.  See DE 25 at 2; DE 66 at 4.  Trial is scheduled for the two-week period beginning October 1, 2012.  See DE 146 at 2-3.

More than seven months after the deadline for amended pleadings, Plaintiff filed his present motion seeking leave to further amend his Complaint "in order to add new events that have occurred since the filing of" his earlier pleadings.  DE 166 at 1.  These events involve administrative proceedings concerning the revocation of Plaintiff's surgical privileges.  Based on these developments, Plaintiff seeks to add a § 1983 claim for violation of his due-process rights, four new age-discrimination and retaliation claims arising from the administrative proceedings, and a request for a preliminary injunction regarding those proceedings.  See id. at 26-39, 42-59.  Defendant opposes Plaintiff's motion to amend on various grounds, including that the proposed amendments do not involve new matters and that the administrative proceedings are not final.  See DE 175.

## II.    Legal Standard

A pretrial scheduling order "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  Further, the "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule cannot be met despite the

diligence of the party seeking the extension." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted).

If the party seeking amendment has met Rule 16(b)'s "good cause" standard, the Court must then examine whether the motion to amend meets the requirements of Federal Rule of Civil Procedure 15(a). See id. at 1419. Under that rule, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has construed Rule 15(a) as follows:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999) (per curiam).

## III.   Analysis

Plaintiff contends that good cause exists to modify the pretrial schedule and allow him to further amend his Complaint. Plaintiff offers various reasons why the proposed amendments could not be presented earlier—chiefly, that the particular administrative proceedings that Plaintiff seeks to challenge had not yet occurred. Defendant raises several arguments in opposing Plaintiff's motion to amend. The Court finds, however, that three main points are dispositive of Plaintiff's motion.

First, Plaintiff's existing claims for age discrimination and retaliation already complain of Defendant's recommendation to revoke Plaintiff's surgical privileges. While

Plaintiff notes that this recommendation has now been upheld through certain levels of administrative review, it is undisputed that the review process is still underway. Thus, Plaintiff has alleged no new harm that would warrant amending his current discrimination and retaliation claims, much less adding new claims based on those same theories.

Second, while Plaintiff seeks to add a claim that Defendant's administrative process deprived him of substantive and procedural due-process rights, the Court finds that claim to be premature. Again, the administrative review process is still ongoing, and no final decision has been made concerning the revocation of Plaintiff's privileges. Moreover, Plaintiff acknowledges that even if that process results in an adverse decision, further avenues of review are available in state court. See DE 166 at 7.

Third, Plaintiff's proposed addition of claims regarding Defendant's administrative review process would interject new factual and legal theories into the case. Despite Plaintiff's argument to the contrary, these new claims would likely require further discovery—even though the discovery deadline has long passed, and trial is just over two months away. Instead of the issues being narrowed at this late stage of the case, quite the opposite would occur, resulting in additional delay and expense.

For all these reasons, the Court finds that Plaintiff has not shown good cause for making further, substantial amendments to his Complaint several months after the amended-pleadings deadline.[2] The Court therefore denies Plaintiff's motion to amend.

---

[2] Because Plaintiff has not met the good-cause standard for altering the pretrial schedule, the Court need not consider whether the proposed amendments satisfy the requirements of Rule 15(a). See Foman, 371 U.S. at 182.

## IV.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Leave to

Amend the Scheduling Order and to File a Second Amended, Supplemental Complaint

for Declaratory and Injunctive Relief and Damages [DE 166] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 24th day of July, 2012.

JAMES I. COHN
United States District Judge

Copies furnished to:

Counsel of record via CM/ECF