UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61403-CIV-COHN/SELTZER

MOSHE ASHKENAZI, M.D.,

    Plaintiff,

v.

SOUTH BROWARD HOSPITAL
DISTRICT, d/b/a Memorial
Healthcare System,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION TO TAX COSTS

**THIS CAUSE** is before the Court upon Defendant's Motion for Bill of Costs [DE 284] ("Motion"). The Court has carefully reviewed the Motion, along with the filings supporting and opposing the Motion, and is otherwise fully advised in the premises.

### I.   Background

Plaintiff Moshe Ashkenazi, M.D., brought this action against Defendant South Broward Hospital District, claiming age discrimination and retaliation under the Age Discrimination in Employment Act and the Florida Civil Rights Act. See DE 212 (2d Am. Compl.); 29 U.S.C. § 623(a), (d); Fla. Stat. § 760.10(1), (7). Defendant later moved for summary judgment on all of Plaintiff's claims. See DE 237. The Court granted that motion and entered final judgment in favor of Defendant. See DE 282; DE 283.

In its present Motion, Defendant seeks taxable costs totaling $21,378.96. See DE 284 at 2. These costs include fees for serving subpoenas, charges for court reporters and transcripts, witness fees, and copying costs. See id. at 3. Plaintiff does

not contest Defendant's recovery of $14,796.00 of the listed costs. See DE 288 at 9. Plaintiff argues, however, that the remaining costs are not taxable. See id. at 3-9.

## II.     Discussion

### A.     Standards for Taxable Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Section 1920 of Title 28 lists prevailing party's recoverable costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and costs of making copies necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court-appointed experts and of interpreters, and salaries, fees, expenses, and costs of special interpretation services. See 28 U.S.C. § 1920. Because Defendant is the prevailing party here, it is entitled to an award of taxable costs as permitted by § 1920.

Plaintiff asserts that some of the costs Defendant seeks to recover are not taxable under § 1920. A presumption exists in favor of awarding costs. See Manor Healthcare Corp. v. Lomello, 929 F.2d 633, 639 (11th Cir. 1991). "When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). Thus, the Court will specifically address only the costs that Plaintiff has challenged. See Ferguson v. N. Broward Hosp. Dist., 2011 WL 3583754, at *1-*3 (S.D. Fla. Aug. 15, 2011).

### B. Subpoena Service Fees

Plaintiff first disputes the additional costs of using "same-day" service for four deposition subpoenas, claiming that those costs were unnecessary. "[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921." EEOC v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). But such costs are normally limited to $65.00, the standard hourly rate that the U.S. Marshals Service charges for serving a document. See 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3); W&O, Inc., 213 F.3d at 624.

Here, each subpoena was served at a cost of $105.00. See DE 284-1 at 9-12. Defendant argues that because of difficulties in accommodating the schedules of the four witnesses—all doctors—they had to be served with the subpoenas on the dates of their depositions. Thus, Defendant maintains that expedited service was necessary to ensure the witnesses' appearances. The Court finds this argument persuasive and concludes that the extra costs of same-day service were reasonable and necessary in this case. Defendant therefore may recover these costs. See Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1334 (S.D. Fla. 2009) (allowing recovery of service charge exceeding standard rate, in part because cost was "justified and appropriate in light of the specific facts of the case").

### C. Transcript Costs

Plaintiff next challenges costs associated with deposition and hearing transcripts. Section 1920(2) permits taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). A deposition is considered necessary if it was "related to an issue which was present in the case at the time the deposition was taken." W&O, Inc., 213 F.3d at 621 (internal quotation marks omitted). But when deposition costs are "merely incurred for

3

convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. at 620 (internal quotation marks omitted).

### 1. Delivery and Exhibit Charges

Plaintiff objects to charges of $264.00 for delivery of deposition transcripts and $495.30 for deposition exhibits, asserting that these costs were incurred solely for Defendant's convenience. Defendant responds that the charges were necessary because it "could not have obtained the transcripts without paying for the delivery charge" and would have been "unable to competently review the transcripts . . . without reference to the exhibits used therein." DE 289 at 3.

Unless shown to be necessary, optional deposition costs such as delivery and exhibits are not recoverable under 28 U.S.C. § 1920(2). See Davis v. United States, 2010 WL 3835613, at *4-*5 (S.D. Fla. Sept. 7, 2010); Univ. of Miami v. Intuitive Surgical, Inc., 2007 WL 781912, at *1 (S.D. Fla. Mar. 13, 2007). Here, Defendant has failed to demonstrate that it could not have obtained the deposition transcripts other than by paying to have them delivered. Similarly, Defendant has not shown that it otherwise lacked access to the deposition exhibits. See Spatz v. Microtel Inns & Suites Franchising, Inc., 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012). Without evidence that these charges were necessary, rather than just convenient, the Court declines to tax the costs against Plaintiff.

### 2. Charges for Board Hearing and Greener Deposition

Plaintiff also disputes as unnecessary a $773.00 charge for the hearing transcript of Defendant's Board of Commissioners ("Board") and a $403.00 fee for the deposition transcript of Dr. Jack Greener, Plaintiff's mental healthcare provider. As part of Defendant's administrative process, the Board was required to make a final

determination regarding Plaintiff's surgical privileges.  Defendant asserts that it needed the hearing transcript to show the Board's adverse decision against Plaintiff and to prove that the Board's actions were not a pretext for discrimination.  Despite Plaintiff's argument that the transcript was not used in Defendant's summary-judgment motion, the Court finds that the hearing transcript was related to Plaintiff's claims and therefore necessary.  Cf. Spatz, 2012 WL 1587663, at *5 ("[E]ven when a deposition is not relied on for summary judgment, it is considered necessary if it was related to an issue present in the case when the deposition was taken.").  Accordingly, Defendant may recover the cost of the transcript.

Noting that Dr. Greener was listed in Plaintiff's interrogatory responses as his mental health provider, Defendant contends that Dr. Greener's testimony was relevant to Plaintiff's alleged damages from emotional distress.  Plaintiff points out that Defendant did not use Dr. Greener's deposition in the summary-judgment motion and that Plaintiff never listed him as a witness.  Again, though, the Court agrees with Defendant that the deposition was necessary because it was related to Plaintiff's claim for emotional-distress damages.  See Ferguson v. Bombardier Servs. Corp., 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007) ("[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition." (citing W&O, Inc., 213 F.3d at 621)).  The cost of the transcript is therefore taxable.

### 3. Per-Page Costs

Plaintiff objects to charges for three deposition transcripts that exceeded $4.45 per page—costing $8.36, $5.00, and $6.50 per page—arguing that these costs were

unreasonable.  Yet Plaintiff fails to explain why $4.45 should be considered the standard for reasonable transcript costs.  The Court recognizes that $4.02 per page is the maximum rate allowed for regular transcripts prepared by court reporters, and that at least one Court in this District has used this rate to limit recovery of deposition-transcript costs.  See Southern District of Florida Fee Schedule, available at http://www.flsd.uscourts.gov; Perfect Web Techs., Inc. v. InfoUSA, Inc., 2009 WL 2407689, at *10 (S.D. Fla. Aug. 4, 2009).  This Court concludes, however, that the transcript rate applicable to court reporters is not binding in assessing the reasonableness of a private stenographer's deposition-transcript fees.  It also appears that the challenged transcript with the highest per-page cost was prepared on a two-day expedited basis.  See DE 284-1 at 20.  The Court therefore finds that the requested per-page charges are reasonable and taxable.

### D.     Copying Charges

Last, Plaintiff contends that Defendant has not provided sufficient documentation to justify its recovery of $3,157.01 in proposed copying costs.  A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Copies are "necessarily obtained" when "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."  W&O, Inc., 213 F.3d at 623.  "[K]nowledge regarding [a] proposed copy charge is a matter within the exclusive knowledge of the prevailing party."  Ferguson v. N. Broward Hosp. Dist., 2011 WL 3583754, at *3 (S.D. Fla. Aug. 15, 2011) (internal quotation marks omitted).  Thus, the documents supporting copying costs must "provide sufficient detail about those charges for the Court to determine whether they were necessary and reasonable."  Brooks v.

6

Peer Review Mediation and Arbitration, Inc., 2012 WL 5410405, at *5 (S.D. Fla. Nov. 6, 2012).

Here, Plaintiff asserts that Defendant "fail[ed] to properly and adequately itemize its general copying costs." DE 288 at 8. The Court agrees. A summary of Defendant's cost requests indicates that the copies related to discovery productions and motion filings on various dates. See DE 284-1 at 5. But while the attached invoices roughly correspond to those dates, the invoices provide virtually no details about the purpose of each copy order or the general content of the documents. See DE 284-1 at 37-58. Absent such information, the Court cannot evaluate whether the requested copying charges were necessary and reasonable. See Brooks, 2012 WL 5410405, at *5; see also Monelus, 609 F. Supp. 2d at 1335 (explaining that the prevailing party "cannot simply make unsubstantiated claims that copies of the documents were necessary"). Consequently, these costs will not be taxed against Plaintiff.

### III. Conclusion

For the reasons discussed, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Bill of Costs [DE 284] is hereby **GRANTED IN PART and DENIED IN PART.** Defendant shall recover from Plaintiff a total of $17,462.65 in taxable costs. The Court will enter a separate Final Judgment Taxing Costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of July, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF